**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| JOHN KEYS, | : | |
| Petitioner, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 12-CV-2618 |
| | : | |
| THE ATTORNEY GENERAL OF THE | : | |
| STATE OF PENNSYLVAINA, *et al.*, | : | |
| Respondents. | : | |

**<u>MEMORANDUM OPINION</u>**

*Pro se* Petitioner John Keys, a prisoner in state custody serving a 25-to-50-year sentence

for robbery and possession of an instrument of crime, has filed a Motion for Relief from

Judgment Under Fed. R. Civ. P. 60(b).[1] Petitioner seeks to reopen the judgment dismissing his

Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254. Because the Rule 60(b)

Motion constitutes an unauthorized second or successive habeas petition over which the Court

lacks jurisdiction, the Motion will be dismissed.

**I.      BACKGROUND**

The procedural history and factual background of Petitioner's conviction is fully set forth

in the Report and Recommendation prepared by Magistrate Judge M. Faith Angell.[2]

Accordingly, the Court outlines only the information necessary to place the instant Motion in

---

[1] *See* Mot. Relief J. [ECF No. 43]. This is the fourth Rule 60(b) Motion filed by Petitioner. *See* ECF Nos. 37, 39, 40. His earlier Motions were all denied for lack of jurisdiction because they constituted second or successive habeas petitions. *See* ECF Nos. 38, 41.

[2] R. & R. [ECF No. 20]; s*ee* Am. R. & R. [ECF No. 22].

context. Following his direct appeals and a petition filed pursuant to the Pennsylvania Post

Conviction Relief Act, Petitioner filed his federal habeas petition attacking the state trial court's

(1) denial of his motion to suppress evidence, (2) ruling on his motion made pursuant to

Pennsylvania Criminal Rule 600, (3) denial of his motion for a mistrial based on the prosecutor's

closing argument, (4) ruling that the verdict was not contrary to law, and (5) denial of his motion

to appoint new counsel.[3] In serial amended petitions, Petitioner also asserted as habeas claims

that (6) his post-conviction counsel was ineffective for filing a no merit letter and thus not

asserting an issue of trial counsel ineffectiveness, and (7) his sentence as a "three-striker" was

unconstitutional.[4] Magistrate Judge Angell recommended that each of these habeas claims be

dismissed on the merits. The Court adopted Judge Angell's recommendation by Order of April 7,

2014.[5]

In the current Motion, Petitioner seeks relief pursuant to Rule 60(b). He asserts that

PCRA counsel was ineffective for failing to raise trial court ineffectiveness with respect to trial

counsel's "fail[ure] to object to the prosecutor's prod[u]ction of a photograph of Petitioner."[6]

## II.    LEGAL STANDARDS

### A.    Federal Rule of Civil Procedure 60

Federal Rule of Civil Procedure 60(b) provides as follows:

> On motion and just terms, the court may relieve a party or its legal representative
> from a final judgment, order, or proceeding for the following reasons:
>
> (1) mistake, inadvertence, surprise, or excusable neglect;

---

[3] R. & R. [ECF No. 20] at 6.

[4] R. & R. [ECF No. 20] at 6-7.

[5] *See* ECF No. 32.

[6] Mot. Relief J. [ECF No. 43] at 1-3, 5. The Court adopts the pagination supplied by the CM/ECF docketing system.

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;

(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.[7]

Rule 60(c) provides the timing within which a Rule 60(b) motion must be made: either within a year of the entry of order or judgment from which the motion seeks relief if the motion is made pursuant to Rule 60(b)(1), (2), or (3); or "within a reasonable time" if the motion is made under any other provision.[8]

### B.     Second or Successive Habeas Petitions

Because this is a federal habeas action, the Court must evaluate whether the Rule 60(b) Motion is an unauthorized second or successive habeas petition. The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA")[9] provides that before a state prisoner may file a second or successive habeas petition, he must first obtain an order from the appropriate court of appeals authorizing the district court to consider the application.[10] Importantly, AEDPA's allocation of "gatekeeping" responsibilities to the courts of appeals has divested district courts of jurisdiction over habeas applications that are second or successive.[11] A habeas petitioner cannot avoid

---

[7] Fed. R. Civ. P. 60(b).

[8] Fed. R. Civ. P. 60(c).

[9] Codified in relevant part at 28 U.S.C. § 2244(b).

[10] 28 U.S.C. § 2244(b)(3)(A); *see, e.g., Magwood v. Patterson*, 561 U.S. 320, 330-31 (2010); *United States v. Winkelman*, 746 F.3d 134, 135 (3d Cir. 2014); *In re Pendleton*, 732 F.3d 280, 282 (3d Cir. 2013) (per curiam).

[11] *See, e.g., Burton v. Stewart*, 549 U.S. 147 (2007).

AEDPA's second or successive gatekeeping mechanism by raising habeas claims in a filing that he designates as a Rule 60(b) motion.[12]

Under the Supreme Court's decision in *Gonzalez v. Crosby*,[13] a Rule 60(b) motion must be construed as a "second or successive habeas corpus application" when it advances one or more "claims."[14] Allowing a Rule 60(b) motion to present new claims for relief from a state court's judgment of conviction would be "inconsistent with" AEDPA's second or successive petition requirements.[15] The *Gonzalez* Court noted that, in most cases, it is "relatively simple" to establish whether a Rule 60(b) motion advances one or more "claims," and further provided that "[a] motion that seeks to add a new ground for relief . . . will of course qualify." [16] A motion can also be said to advance a "claim" if it "attacks the federal court's previous resolution of a claim on the merits, since alleging that the court erred in denying habeas relief on the merits is effectively indistinguishable from alleging that the movant is, under the substantive provisions of the statutes, entitled to habeas relief."[17]  Similarly, a motion represents a habeas claim if it seeks to present newly discovered evidence in support of a claim that was previously denied.[18]

In contrast, a motion is a "true" Rule 60(b) motion if it challenges a procedural ruling made by the district court that precluded a merits determination of the habeas petition, or

---

[12] Brian R. Means, FEDERAL HABEAS MANUAL § 11:42, Westlaw (database updated May 2019) (A habeas petitioner "is not permitted to circumvent AEDPA's second or successive petition requirements simply by labeling the petition or motion as something other than what it is.").

[13] 545 U.S. 524 (2005).

[14] *Id*. at 531-32 (quoting § 2244(b)(1) and (2)).

[14] *Id.* at 531 (quoting 28 U.S.C. § 2254 Rule 11).

[16] *Id.* at 532.

[17] *Id.* (footnote omitted).

[18] *Id.*

"challenges a defect in the integrity of the federal habeas proceedings," such as an assertion that the opposing party committed fraud upon the court.[19]

## III.   DISCUSSION

The threshold issue before the Court is whether Petitioner's Rule 60(b) motion is a "true" Rule 60(b) motion or, in reality, a successive habeas petition.[20] The answer to this question is clear. The habeas claims that Petitioner raised in his original petition were adjudicated on their merits. Petitioner's claim that PCRA counsel was ineffective for neglecting to raise trial court ineffectiveness "for failing to object to the prosecutor's prod[u]ction of a photograph of Petitioner"[21] is a new substantive habeas claim, and it does not attack the procedure by which the Court adjudicated his prior petition. Therefore, the Motion must be construed as an unauthorized second or successive habeas petition to the extent that it challenges Petitioner's judgment of sentence. Because Petitioner has not received authorization from the Court of Appeals to file another federal habeas petition to attack his judgment of sentence, this Court lacks jurisdiction to consider those claims.

## IV. CONCLUSION

For these reasons, the Court will dismiss Petitioner's Rule 60(b) Motion, and it will deny a certificate of appealability for lack of probable cause. An appropriate Order follows.

---

[19] *Id.* at 532, n.4.

[20] Pursuant to 28 U.S.C. § 2244(b)(2), a federal court does not possess jurisdiction to review an unauthorized second or successive habeas petition cloaked as a Rule 60(b) Motion.

[21] Mot. Relief J. [ECF No. 43] at 5.